[No. 55119–7. En Banc. February 2, 1989.]

THE CITY OF SEATTLE, *Respondent,* v. DALE B. HUFF,
*Petitioner.*

*Robert Adelman* of *Seattle–King County Public Defender Association,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Elizabeth M. Rene, Assistant,* for respondent.

DOLLIVER, J.—On December 19, 1985, Dale Huff was arrested and jailed for investigation of fraud. While in jail, Huff allegedly made telephone calls to the victim of the fraud and to Huff's mother and said he was "going to get even" with them. Huff was charged with violation of Seattle Municipal Code (SMC) 12A.06.100(A)(3), Seattle's telephone harassment ordinance. Before trial, Huff challenged the ordinance as overbroad under the First Amendment and Const. art. 1, § 5 and as unconstitutionally vague. The challenged portion of the ordinance reads as follows:

> A person is guilty of making telephone calls to harass, intimidate, torment or embarrass any other person if, with intent to harass, intimidate, torment or embarrass any other person, he makes a telephone call to such other person:
> . . .
> 3. Threatening to inflict injury on the person or property of the person called or any member of his family
> . . .

SMC 12A.06.100(A)(3).

The Seattle Municipal Court upheld the constitutionality of the ordinance by applying a limiting construction which narrowed the effect of the ordinance to fighting words, and the case against Huff was dismissed. The City of Seattle appealed to the King County Superior Court which upheld the ordinance as written; Huff appealed. The Court of Appeals held the ordinance was not unconstitutionally vague and its overbreadth was cured by striking "embarrass" from the ordinance. We granted Huff's petition for review, and we affirm.

# I
## OVERBREADTH

A law is overbroad if it sweeps within its prohibitions constitutionally protected free speech activities. *Thornhill v. Alabama,* 310 U.S. 88, 97, 84 L. Ed. 1093, 60 S. Ct. 736 (1940); *Seattle v. Eze,* 111 Wn.2d 22, 31, 759 P.2d 366 (1988). The First Amendment overbreadth doctrine may invalidate a law on its face only if the law is "substantially overbroad". *Houston v. Hill,* 482 U.S. 451, 96 L. Ed. 2d 398, 410, 107 S. Ct. 2502, 2508 (1987) (citing *New York v. Ferber,* 458 U.S. 747, 769, 73 L. Ed. 2d 1113, 102 S. Ct. 3348 (1982)). In determining overbreadth, "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." (Citations omitted.) *Hill,* 107 S. Ct. at 2508. Criminal statutes require particular scrutiny and may be facially invalid if they "make unlawful a substantial amount of constitutionally protected conduct . . . even if they also have legitimate application." *Hill,* 107 S. Ct. at 2508. Threats which tend to incite an immediate breach of the peace or inflict injury are "fighting" words and are not protected under the First Amendment. *Chaplinsky v. New Hampshire,* 315 U.S. 568, 572, 86 L. Ed. 1031, 62 S. Ct. 766 (1942). This standard is very high and speech will be protected "' . . . unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.'" *Houston v. Hill,* 107 S. Ct. at 2509 (quoting *Terminiello v. Chicago,* 337 U.S. 1, 4, 93 L. Ed. 1131, 69 S. Ct. 894 (1949)). Similarly, words which create an immediate panic are not constitutionally protected speech. *Schenck v. United States,* 249 U.S. 47, 52, 63 L. Ed. 470, 39 S. Ct. 247 (1919). Mere advocacy of the use of force or violence, however, is protected. *See Brandenburg v. Ohio,* 395 U.S. 444, 448, 23 L. Ed. 2d 430, 89 S. Ct. 1827 (1969).

The Seattle ordinance proscribes threats of physical injury or property damage made with the intent to harass,

intimidate, torment, or embarrass. These threats are protected under the First Amendment unless they would be likely to cause an immediate breach of the peace by an average listener under the circumstances. *See Seattle v. Camby,* 104 Wn.2d 49, 701 P.2d 499 (1985). The distance the telephone necessarily puts between the caller and the listener inherently tends to prevent immediate breaches of the peace which could more readily result from a face–to–face encounter. To the extent the majority of threats made over the telephone do not incite an immediate breach of the peace, we find the ordinance proscribes a substantial amount of protected speech.

The constitution allows regulation of protected speech in certain circumstances. *Bering v. Share,* 106 Wn.2d 212, 221–22, 721 P.2d 918 (1986), *cert. dismissed,* 479 U.S. 1050, 93 L. Ed. 2d 990, 107 S. Ct. 940 (1987). Speech in public forums is subject to valid time, place, and manner restrictions which "'are content–neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication.'" *Bering,* at 222 (quoting *United States v. Grace,* 461 U.S. 171, 177, 75 L. Ed. 2d 736, 103 S. Ct. 1702 (1983)). "Additional restrictions [on speech in public forums] such as an absolute prohibition on a particular type of expression will be upheld only if narrowly drawn to accomplish a compelling governmental interest." *United States v. Grace, supra* at 177.

 A different standard applies to speech in nonpublic forums. Speech in nonpublic forums may be restricted if "'. . . the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral.'" *Seattle v. Eze,* at 32 (quoting *Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.,* 473 U.S. 788, 806, 87 L. Ed. 2d 567, 105 S. Ct. 3439 (1985)).

The parties did not address the public/nonpublic forum distinction. This threshold question is critical, however, because the type of forum determines which constitutional standard applies when protected speech is sought to be regulated. *See United States v. Grace, supra; Cornelius v.*

*NAACP Legal Defense & Educ. Fund, Inc., supra; Seattle v. Eze, supra.*

Public forums are (1) those places which "by long tradition or by government fiat have been devoted to assembly and debate", *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45, 74 L. Ed. 2d 794, 103 S. Ct. 948 (1983), or (2) channels of communication used by the public at large for assembly and speech, used by certain speakers, or the discussion of certain topics. *Cornelius,* at 802. Although the telephone may be used by the public at large, the private nature of discussion over the telephone precludes it from being a public forum for open debate.

Speech over the telephone, although constitutionally protected, may be regulated if "the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral." *Cornelius,* at 806; *Eze,* at 32. We find it reasonable for the Seattle ordinance to distinguish between threats of physical injury or property damage made with the requisite intent and other communication. The category of calls falling within the prohibition is narrow: threats must be made with the requisite intent, must threaten physical injury or property damage, and must be directed to the listener or a member of the listener's family. Although the listener may hang up on all calls, threatening or not, the decision to penalize callers who make such threats is reasonable.

We also find the Seattle ordinance is viewpoint neutral.

> [A] speaker may be excluded from a nonpublic forum if he wishes to address a topic not encompassed within the purpose of the forum . . . [but] the government violates the First Amendment when it denies access to a speaker solely to suppress the point of view he espouses on an otherwise includible subject.

*Cornelius,* at 806. Even if encompassed within the purpose of the forum, the restriction as to threats is viewpoint neutral. The Seattle ordinance prohibits all threats of physical injury or property damage directed to the listener or the listener's family when made with the requisite intent. This

restriction is not based on the reason for the threat or the context in which the threat is used. Any viewpoint may still be expressed over the telephone without penalty unless there is an accompanying threat.

Because we find the ordinance is reasonable in light of the purpose of the forum and viewpoint neutral, we need not apply a limiting construction. *See Seattle v. Eze, supra* at 32. However, because the City agreed "embarrass" should be stricken from the ordinance, we will concur with its position even though we have doubts as to whether this construction is constitutionally mandated.

The Seattle ordinance also does not offend Const. art. 1, § 5. We have previously adopted much of the federal analysis to determine if protected speech may be regulated in state constitutional cases, although we have diverged from the federal standard by requiring a compelling governmental interest for regulation of protected speech in a public forum. *Bering v. Share, supra* at 234. This exception does not apply when a nonpublic forum is at issue. Therefore, the federal analysis for a nonpublic forum is applicable. Because we have already found the distinctions drawn are reasonable in light of the purpose of the forum and are viewpoint neutral, we hold the Seattle ordinance is not overbroad under either the First Amendment or Const. art. 1, § 5.

## II
### VAGUENESS

Huff challenges the facial validity of the Seattle ordinance as unconstitutionally vague. Under this analysis, the factual setting of this case is irrelevant and we look only to whether "'. . . any conviction under the statute could be constitutionally upheld.'" *State v. Smith,* 111 Wn.2d 1, 17, 759 P.2d 372 (1988) (quoting *State v. Maciolek,* 101 Wn.2d 259, 262–63, 676 P.2d 996 (1984)). An ordinance is presumed constitutional and the party challenging the constitutionality of the law has the burden of proving it is unconstitutionally vague beyond a reasonable doubt. *State*

*v. Maciolek, supra* at 263. This presumption "should be overcome only in exceptional cases." *Seattle v. Eze, supra* at 28.

When a legislative enactment is challenged on vagueness grounds, the issue is whether the two requirements of procedural due process are met: adequate notice to citizens and adequate standards to prevent arbitrary enforcement. *Kolender v. Lawson,* 461 U.S. 352, 358, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983). Strict specificity is not required; the exact point where actions cross the line into prohibited conduct need not be predicted. *Seattle v. Eze, supra* at 26–27. "'[I]f [persons] of ordinary intelligence can understand a penal statute, *notwithstanding some possible areas of disagreement,* it is not wanting in certainty.'" *Seattle v. Eze, supra* at 27 (quoting *State v. Maciolek, supra* at 265). A statute is not unconstitutional "if the general area of conduct against which it is directed is made plain." *State v. Maciolek, supra* at 266 (citing *Seattle v. Buchanan,* 90 Wn.2d 584, 594, 584 P.2d 918 (1978)); see *Smith v. Goguen,* 415 U.S. 566, 577–78, 39 L. Ed. 2d 605, 94 S. Ct. 1242 (1974). The language of a challenged statute will not be looked at in a vacuum, rather, the context of the entire statute is considered. *State v. Zuanich,* 92 Wn.2d 61, 67, 593 P.2d 1314 (1979).

We find the ordinance meets both due process requirements. The ordinance provides adequate notice to citizens of the prohibited conduct. We have found that "[i]ntimidate is defined very narrowly." *State v. Maciolek, supra* at 265. It is defined as "'. . . mak[ing] timid or fearful: inspir[ing] or affect[ing] with fear: frighten[ing] . . . compel[ling] to action or inaction (as by threats)'." *State v. Maciolek, supra* at 265 (quoting *Webster's Third New International Dictionary* 1184). Likewise, "harass" and "torment" are no less narrowly defined so that persons of common intelligence can ascertain when their intent falls within the ordinance's prohibitions.

Proscriptions of conduct or speech which "annoy" or "alarm" others have been found to be unconstitutionally

vague. *See, e.g., Coates v. Cincinnati,* 402 U.S. 611, 29 L. Ed. 2d 214, 91 S. Ct. 1686 (1971); *Everett v. Moore,* 37 Wn. App. 862, 683 P.2d 617 (1984); *State v. Blair,* 287 Or. 519, 601 P.2d 766 (1979). These terms do not appear in the Seattle ordinance. Also, significantly, the Seattle ordinance does not base criminality on the reaction of others to the speech of the caller; rather it defines the proscribed conduct solely in reference to the caller: did the caller make the threat with the intent to harass, intimidate, or torment. *See Spokane v. Fischer,* 110 Wn.2d 541, 544–45, 754 P.2d 1241 (1988). The ordinance provides adequate notice to persons of common understanding as to the specific intent, the type of threat, and the person(s) to whom the threat must be directed. For these reasons we also find the ordinance provides adequate standards to prevent arbitrary enforcement.

The Court of Appeals is affirmed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.