[No. 56122–2.   En Banc.   August 24, 1989.]

AMERICAN DOG OWNERS ASSOCIATION, ET AL, *Appellants,*
v. THE CITY OF YAKIMA, *Respondent.*

*Leggett & Kram,* by *Peter Kram,* for appellants.

*Don W. Schussler* (of *Halverson & Applegate*), for respondent.

DOLLIVER, J.—In January 1987, there were three attacks by pit bull dogs on unsuspecting citizens in Yakima. On July 28, 1987, the City of Yakima adopted ordinance 3034 which bans dogs known by the owners to be pit bulls, specifically the breeds Bull Terrier, American Pit Bull Terrier, Staffordshire Bull Terrier, and American Staffordshire Terrier, as well as dogs "identifiable" as having any pit bull variety as an element of their breeding. The ordinance allows owners of pit bulls licensed prior to the enactment to keep their pets subject to certain rules. The ordinance also allows a judge to release an apprehended dog on a showing that the dog will not return to the city or that the dog was misidentified.

Plaintiffs David Carvo and Mark and Bonnie Johnson own dogs that may come under the ordinance. Plaintiff American Dog Owners Association has members in Yakima owning dogs that may come under the ordinance. In August 1987, Yakima notified the Johnsons that they may be subject to the ordinance. All plaintiffs sued Yakima, seeking injunctive and declaratory relief as well as damages. A temporary restraining order was issued.

Both parties moved for summary judgment prior to trial. In support of their motion, the plaintiffs offered affidavits stating that an ordinary person would misidentify mixed breeds and that no scientific method can determine breed. Defendant City of Yakima offered affidavits showing the

identifiability and vicious propensity of pit bulls and out-lining the procedures required of the City to prove an animal comes under the ordinance. The trial judge granted defendant's motion for summary judgment. Plaintiffs assign error. The matter was certified to the Supreme Court. We accept certification and affirm.

I

Plaintiffs argue first that Yakima City Ordinance 3034, codified in Yakima City Code 6.18.010 *et seq.*, is unconstitutionally vague, claiming that a person of ordinary intelligence cannot reasonably tell what is prohibited.

In *Seattle v. Huff*, 111 Wn.2d 923, 767 P.2d 572 (1989), we reaffirmed that "[a]n ordinance is presumed constitutional and the party challenging the constitutionality of the law has the burden of proving it is unconstitutionally vague beyond a reasonable doubt." *Huff*, at 928 (citing *State v. Maciolek*, 101 Wn.2d 259, 263, 676 P.2d 996 (1984)). For the ordinance to be vague beyond a reasonable doubt, the plaintiff must show at least one of two procedural elements is missing: "adequate notice to citizens and adequate standards to prevent arbitrary enforcement." *Seattle v. Huff, supra* at 929.

Adequate notice requires the law to be sufficiently definite so that a person of ordinary intelligence can reasonably tell what is prohibited. However, "[i]mpossible standards of specificity are not required." *Blondheim v. State*, 84 Wn.2d 874, 878, 529 P.2d 1096 (1975). Neither is absolute agreement.

"'[I]f [persons] of ordinary intelligence can understand a penal statute, *notwithstanding some possible areas of disagreement*, it is not wanting in certainty.'" *Seattle v. Eze*, [111 Wn.2d 22, 27, 759 P.2d 366 (1988)] (quoting *State v. Maciolek, supra* at 265).

*Huff*, at 929.

We find Yakima City Ordinance 3034 gives sufficient notice. The four breeds outlined in the ordinance are understood to refer to dogs satisfying detailed professional standards. Yakima animal control officers presently use

these standards along with illustrations to identify dogs. This standard is stricter than a lay person would have to apply. Moreover, the ordinance has provisions to protect those who already own pit bulls and those who happen to travel through town with a pit bull.

Other courts have held pit bull ordinances may give notice without painstaking definitions. *State v. Peters,* 534 So. 2d 760, 766 (Fla. Dist. Ct. App. 1988), where the ordinance was explicit, held that alternative definitions of pit bull did not violate notice requirements. *State v. Robinson,* 44 Ohio App. 3d 128, 541 N.E.2d 1092 (1989), where the ordinance was not explicit, determined that "[a]lthough the statute lacks a specific definition of pit bull dog, mathematical certainty is not always essential". Likewise an unpublished Ohio Court of Appeals case, Lima v. McFadden, cause 1–85–22, June 30, 1986, cited in *State v. Peters, supra* at 768, upheld an ordinance without a definition of pit bull because the phrase "pit bull" has a discernible meaning.

Although *American Dog Owners Ass'n, Inc. v. Lynn,* ___ Mass. ___, 533 N.E.2d 642 (1989) found that statute "not sufficiently definite", *Lynn,* 533 N.E.2d at 646, the definition there was "devoid of *any* reference to a particular breed". *Lynn,* 533 N.E.2d at 646. The Yakima ordinance here names four particular breeds. We decline to follow *Lynn.*

A statute must have adequate standards to prevent arbitrary enforcement. This forbids "criminal statutes that contain no standards and allow police officers, judge, and jury to subjectively decide what conduct the statute proscribes . . . in any given case." *State v. Worrell,* 111 Wn.2d 537, 544, 761 P.2d 56 (1988) (quoting *Maciolek,* at 267). But a statute is not necessarily unconstitutional because it requires subjective evaluations by an officer. *State v. Worrell, supra* (quoting *Maciolek,* at 267). The real question is whether it "invites an inordinate amount of police discretion". *Worrell,* at 547 (Utter, J., concurring).

■ We find adequate standards for identification in the professional standards and illustrations used by the City and in the burden of proof which rests on the City to show that a particular dog meets the professional standard and that no reason exists to impede the dog's destruction. Furthermore, as outlined by the assistant city attorney in her affidavit, the City is required to prove that the dog at the time of pickup was over 6 months old, known by the owner to be either a purebred or mixed breed of the four listed breeds and identifiable as one of those breeds. *See* Yakima City Ordinance 3035, codified in Yakima City Code 6.20.110E.

■■ The Yakima ordinance is constitutional even though some inoffensive pit bulls might be banned. Overbreadth is only a problem when it "'. . . reaches a substantial amount of constitutionally protected conduct.'" *Huff*, at 925 (quoting *Houston v. Hill*, 482 U.S. 451, 458, 96 L. Ed. 2d 398, 107 S. Ct. 2502 (1987)). Dogs are subject to police power and may be destroyed or regulated to protect citizens. *See Sentell v. New Orleans & C. R.R.*, 166 U.S. 698, 704, 41 L. Ed. 1169, 17 S. Ct. 693 (1897). Thus, "property in dogs is of an imperfect or qualified nature", *Sentell*, at 701, and "a harmless or inoffensive American Pit Bull Terrier may be banned in order to abate the threat . . . presented by other American Pit Bull Terriers". *Garcia v. Tijeras*, ___ N.M. ___, 767 P.2d 355, 363 (1988).

The Yakima ordinance is also constitutional although it will not stop all dog bites nor remove unidentifiable pit bull mixes. A municipality may "address threats in a piecemeal fashion," *Garcia*, 767 P.2d at 361, as long as there is a rational basis for the decision. The Yakima ordinance was enacted as a public safety measure after three unprovoked attacks by pit bulls.

Finally, the plaintiffs fail to show vagueness "beyond a reasonable doubt." *Huff*, at 928. In fact, the plaintiffs admit acquiring their pets believing them to be pit bulls, although they now aver they cannot identify the breed.

## II

The plaintiffs argue that the trial judge erred in granting summary judgment to the defendant and in denying summary judgment to the plaintiffs.

For summary judgment, the "moving party bears the initial burden of showing the absence of an issue of material fact", *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989), and reasonable inferences are evaluated "in the light most favorable to the nonmoving party". *Reichelt v. Johns–Manville Corp.*, 42 Wn. App. 620, 624, 712 P.2d 881 (1986), *aff'd in part, rev'd in part,* 107 Wn.2d 761, 733 P.2d 530 (1987). If a defendant successfully bears the initial burden, the inquiry shifts to the plaintiff "to establish the existence of an element essential to that party's case". *Young,* at 225.

Yakima met its initial burden by showing sufficient specificity to avoid vagueness and sufficient rationale for the use of police power. The burden shifted to the plaintiffs to establish a viable question of vagueness. However, as discussed above, the ordinance cannot be found vague. Likewise, the plaintiffs' motion for summary judgment fails the initial burden of proof because there was no competent question of vagueness.

We hold that Yakima City Ordinance 3034 is not unconstitutionally vague. We also hold that summary judgment was not given in error. The trial court is affirmed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.

Reconsideration denied October 11, 1989.