[No. 11998-0-III.   Division Three.   May 18, 1993.]

THE CITY OF YAKIMA, *Respondent,* v. JERE F.
IRWIN, *Petitioner.*

2

*John A. Maxwell, Walter G. Meyer,* and *Meyer, Fluegge & Tenney,* for petitioner.

*John Vanek, City Attorney,* and *Susan J. Woodard, Assistant,* for respondent.

SWEENEY, J. — Jere Irwin telephoned Yakima police on February 9, 1991, and reported that "somebody [was] ripping the arms and legs off of a little baby". He requested the assistance of a Christian police officer. When an officer responding

to the call asked Mr. Irwin if there was a dismembered child, Mr. Irwin pointed to the Feminist Women's Health Center and said, "they're murdering babies in there . . .". Mr. Irwin was convicted by a jury in district court of one count of willfully making a false, misleading or exaggerated police report in violation of Yakima Municipal Code (YMC) 6.48.010.[1] The Superior Court affirmed the conviction. Mr. Irwin appeals; we affirm.

FACTUAL BACKGROUND

The following transcript of Mr. Irwin's February 9 conversation with the Yakima police dispatcher was admitted at trial:

This is Jerry [sic] Irwin and I'm on um "E" Street and we would like to have a Christian Policeman come down if that's possible.
Q: A a what?
A: A Christian Policeman.
Q: On "E" Street?
A: Uh huh.
Q: Where at on "E" Street?
A: Well it's on "E" right by um between First Avenue and "E" Street.
Q: First Avenue not First Street?
A: Well First Street, and.
Q: What's the problem?
A: Well somebody is ripping the arms and legs off of a little baby.
Q: A real baby?
A: Yes, and there's a lot of people really upset, we need a Ch-
Q: Do they need an ambulance?
A: No.
Q: No?
A: My name is Jerry [sic] Irwin, I r w i n, but we would like to have a Christian Policeman because there's a lot of people down here and they're very kinda upset.
Q: Okay well we'll see what we can do but if the child is okay, is it a real child?
A: Yes.
Q: Does it still have all of it's [sic] limbs in tact [sic]?
A: No it's destroyed, if a policeman comes down he can find out.

---

[1]Mr. Irwin was also charged with one count of willfully hindering, delaying or obstructing a police officer in the discharge of his official duties. YMC 6.48.010. That charge was dismissed for insufficient evidence.

Q: Okay are you in a car?
A: Ah no were [sic] all standing out here.
Q: Okay.
A: Okay bye.

Yakima Police Officer David Strother responded to the call. He approached the intersection of North First and E Streets but did not observe any activity. He drove a half block east on E Street to an alley and saw a group of about 15 persons. Mr. Irwin approached Officer Strother's vehicle and said that he had telephoned the police and wanted a Christian officer to view a videotape. Mr. Irwin talked about the United States Constitution and the Bill of Rights for approximately 10 minutes. Officer Strother asked Mr. Irwin if he was aware of a crowd that had gathered around a dismembered child at First and E Streets. Mr. Irwin pointed to the Feminist Women's Health Center and said "no, but they're murdering babies in there . . .". Officer Strother advised Mr. Irwin that abortion was legal. Mr. Irwin told the officer he had seen a woman walk into the health center who was past the legal term limit for an abortion. Officer Strother left the area after confirming "that there wasn't a dismembered child at 1st Street and E . . .".

Mr. Irwin was cited with a violation of YMC 6.48.010, which provides in relevant part: "It is unlawful for any person to cause or make any wilfully untrue, false, misleading, unfounded or exaggerated statement or report to the police department of the city of Yakima, or to any officer or representative thereof, . . .". Before trial in district court, the City moved in limine to preclude Mr. Irwin from presenting medical testimony concerning the abortion process. Mr. Irwin moved for a subpoena duces tecum of the health center's medical records for February 9 to establish that illegal abortions were being performed. He also moved to dismiss, arguing that YMC 6.48.010 was unconstitutionally overbroad and vague. The court denied Mr. Irwin's request for the subpoena and ruled that the medical testimony on abortions was not relevant. Mr. Irwin's motion to dismiss was denied.

At trial, Mr. Irwin testified that even though he "could have been more accurate in describing the location", he did not willfully attempt to tell a falsehood. When asked if he believed his statement that someone was ripping the arms and legs off a real baby was true, Mr. Irwin answered, "I'm sure it's and positive it's true, in my mind." A jury found Mr. Irwin guilty. The conviction was affirmed following an appeal to superior court.

Mr. Irwin contends the conviction should be reversed because (1) the ordinance is unconstitutionally overbroad and vague; (2) the trial court commented on the evidence; (3) the trial court erred in refusing to give two of his proposed instructions; (4) the evidence was insufficient to support the conviction; and (5) the trial court erred in denying his request for a subpoena duces tecum and his request to present certain medical testimony.

### A. Constitutionality of Municipal Ordinance

1. Overbreadth Challenge. Mr. Irwin first contends the ordinance is unconstitutionally overbroad. He urges that the ordinance sweeps beyond legitimate restrictions and criminalizes exaggerated or misleading statements regardless of the truth or falsehood of the statements. Further, Mr. Irwin argues that the ordinance punishes his legitimate expressions and his choice of words. He concludes that the ordinance deters a significant range of protected speech and expression. We do not agree.

■■ A law is overbroad if it "sweeps within its prohibitions constitutionally protected free speech activities" and if "it 'does not aim specifically at evils within the allowable area of control . . .". *Seattle v. Webster*, 115 Wn.2d 635, 641, 802 P.2d 1333, 7 A.L.R.5th 1100 (1990) (quoting *Seattle v. Huff*, 111 Wn.2d 923, 925, 767 P.2d 572 (1989)), *cert. denied*, ___ U.S. ___, 114 L. Ed. 2d 85, 111 S. Ct. 1690 (1991); *Federal Way Family Physicians, Inc. v. Tacoma Stands Up For Life*, 106 Wn.2d 261, 268, 721 P.2d 946 (1986) (quoting *Beckerman v. Tupelo, Miss.*, 664 F.2d 502, 507 (5th Cir. 1981)). We interpret a municipal ordinance using the same rules of

statutory construction used to interpret state statutes. *Spokane v. Douglass*, 115 Wn.2d 171, 177, 795 P.2d 693 (1990).

■ Mr. Irwin does not distinguish between public and nonpublic forums, but the distinction is necessary. The constitutional standard applied depends on whether the forum is public or nonpublic. *Seattle v. Eze*, 111 Wn.2d 22, 31-32, 759 P.2d 366, 78 A.L.R.4th 1115 (1988). A public forum is a place which, by longstanding tradition, is devoted to assembly and debate or is a forum of communication used by the public at large. The Superior Court properly determined that the communication between Mr. Irwin and the police took place in a nonpublic forum. Speech in a nonpublic forum may be restricted if "the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral.' " *Eze*, at 32 (quoting *Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.*, 473 U.S. 788, 806, 87 L. Ed. 2d 567, 105 S. Ct. 3439 (1985)). The Yakima ordinance proscribed only willfully false, misleading, or exaggerated reports. That distinction is reasonable given the forum and the purpose of the ordinance. Police need accurate information to properly perform their duties. False, misleading, or exaggerated reports are criminal only if they are willful.

The ordinance is viewpoint neutral. A speaker is not denied access to the police solely because he or she wishes to express a certain point of view — here, against abortion. *Huff*, at 927-28. *Any* report made to the police that is willfully false, misleading or exaggerated, irrespective of the content of the report, would be a violation of the ordinance. YMC 6.48.010 is reasonably drawn and viewpoint neutral and therefore is not unconstitutionally overbroad.[2]

---

[2]In his reply brief, Mr. Irwin asserts that his right to freedom of speech under article 1, section 5 of the Washington Constitution is more broadly protected than under the first amendment to the United States Constitution. *State v. Gunwall*, 106 Wn.2d 54, 61-62, 720 P.2d 808, 76 A.L.R.4th 517 (1986). Article 1, section 5 of the Washington Constitution states: "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right." Amendment 1 to the United States Constitution provides in part: "Congress shall make no law . . . abridging the freedom of speech . . .". Even applying state constitutional law, our holding is the same.

■ Moreover, a facial overbreadth challenge may not be invoked when a limiting construction has been or could be placed on a challenged statute. *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973); *State v. Hegge*, 89 Wn.2d 584, 590, 574 P.2d 386 (1978). The ordinance here defines as unlawful, making willfully untrue, false, misleading, and unfounded or exaggerated statements or reports to police. An offense is committed willfully if a person acts knowingly with respect to the material elements of the offense. RCW 9A.08.010(4). Because a limiting construction has been placed on the ordinance, the ordinance may not be challenged as facially overbroad.

2. Vagueness Challenge. Mr. Irwin further argues the ordinance is unconstitutionally vague because neither the term "misleading" nor "exaggerated" is defined.

■■ A statute is void for vagueness if persons of common intelligence must necessarily guess at its meaning and may differ as to its application. *O'Day v. King Cy.*, 109 Wn.2d 796, 810, 749 P.2d 142 (1988). To be consistent with due process, a penal ordinance must contain ascertainable standards of guilt, so that reasonable persons are not required to guess at the meaning of the enactment. *Seattle v. Drew*, 70 Wn.2d 405, 408, 423 P.2d 522, 25 A.L.R.3d 827 (1967). Two requirements of procedural due process must be met: adequate notice to citizens and adequate standards to prevent arbitrary enforcement. An ordinance is not wanting in certainty if persons of ordinary intelligence can understand the law, notwithstanding some possible areas of disagreement. *State v. Maciolek*, 101 Wn.2d 259, 264-65, 676 P.2d 996 (1984). A challenged law is not viewed in a vacuum; the context of the entire statute is considered. *Huff*, at 929. A law is not unconstitutionally vague because a person cannot "predict with complete certainty the exact point at which his [or her] actions would be classified as prohibited conduct." *Eze*, at 27; *Maciolek*, at 266 (a law is not unconstitutional "if the general area of conduct against which it is directed is made plain"). When a defendant asserts that a statute is facially unconstitutional due to vagueness, we look "not to

the conduct of the defendant, but to the face of the [ordinance] to determine whether any conviction under the [law] could be constitutionally upheld." *Maciolek*, at 263 (quoting *State v. Hood*, 24 Wn. App. 155, 158, 600 P.2d 636 (1979)); *Huff*, at 928.

■ Here, the ordinance meets both due process requirements. Persons of common intelligence are able to ascertain that willfully making a misleading or exaggerated statement to police is prohibited conduct. Further, the ordinance gives adequate notice of the prohibited conduct. The ordinance proscribes conduct solely in reference to the person violating the ordinance — did the speaker make the false or misleading report with willful intent. The ordinance is not unconstitutionally vague.

## B. Comment on the Evidence

Mr. Irwin next contends the court commented on the evidence in instructing the jury that "[a] moral objection to abortion will not justify the commission of a violation of law." Mr. Irwin asserts that he was unfairly prejudiced because the jury could reasonably infer from the instruction that the court believed he was making a moral objection to abortion rather than reporting what he believed to be a violation of law.

■ Article 4, section 16 of our state constitution prohibits a trial court from commenting on the evidence. The purpose of this provision is to prevent a jury from being influenced by the trial judge's opinion of the evidence. An impermissible comment on the evidence is one that conveys a judge's personal attitudes toward the merits of the case or allows the jury to infer from what the judge said or did not say that the judge personally believed the testimony in question. *State v. Swan*, 114 Wn.2d 613, 657, 790 P.2d 610 (1990), *cert. denied*, 498 U.S. 1046, 112 L. Ed. 2d 772, 111 S. Ct. 752 (1991).

Here, the instruction did not inform the jury of the court's opinion on abortion or the merits of the case. Nor does the instruction allow the jury to infer that the court believed that Mr. Irwin was making a moral statement. The instruc-

tion was required here because of Mr. Irwin's many references to abortion. Moreover, the jury was instructed to disregard any comments made by the judge on the evidence. The court did not err.

## C. Elements Instruction

Next, Mr. Irwin contends the court erred in instructing the jury that:

> To convict the defendant, each of the following elements must be proved beyond a reasonable doubt:
> (1) That on the 9th day of February, 1991, the defendant made a false, misleading or exaggerated statement to the police department of the City of Yakima;
> (2) That the defendant acted knowingly; and
> (3) That the act occurred in the City of Yakima, Washington.

He asserts that the instruction is deficient because it failed to require that the City prove he knew the information contained in his statement to police was false.

Instructions satisfy the requirement of a fair trial when, taken as a whole, they properly inform the jury of the applicable law, are not misleading, and permit the defendant to argue his theory of the case. *State v. Mark*, 94 Wn.2d 520, 526, 618 P.2d 73 (1980). The wording of instructions is a matter for the trial court's discretion. *Jensen v. Beaird*, 40 Wn. App. 1, 15, 696 P.2d 612, *review denied*, 103 Wn.2d 1038 (1985).

Here, subparagraph 2 of the challenged instruction states that the City must prove the defendant acted knowingly in making a false, misleading or exaggerated statement. Instruction 5 defined knowingly.[3] The challenged instruction is not an erroneous statement of the law. Read as a whole, the instructions informed the jury of the applicable law. Mr.

---

[3]Instruction 5 stated:

"A person knows or acts knowingly or with knowledge when:

"(1) he or she is aware of a fact, facts or circumstances or result described by law as being a crime; or

"(2) he or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by law as being a crime."

Irwin was not prohibited from arguing the theory of his case to the jury.

### D. Refusal To Give Proposed Instruction

Mr. Irwin next contends he was denied a fair trial because the court erred in refusing to give two of his proposed instructions.

A defendant is entitled to an instruction on his theory of the case only if there is substantial evidence in the record to support that theory. *State v. Rice*, 110 Wn.2d 577, 605, 757 P.2d 889 (1988), *cert. denied*, 491 U.S. 910 (1989); *State v. Quinn*, 43 Wn. App. 696, 704, 719 P.2d 936, *review denied*, 105 Wn.2d 1020 (1986).

Mr. Irwin proposed the following instructions:

Instruction 13
You are instructed that RCW 9.02.010 makes abortion a crime when performed during the third trimester unless necessary to preserve the life of the woman or an unborn child.

Instruction 15
It is unlawful to perform a third trimester abortion in the Feminist Women's Health Center located at 416 North Second Street in Yakima, Washington.

Our review of the record indicates there is no evidence, or reasonable inference from any evidence, to support the giving of either instruction. Abortion was not an issue in Mr. Irwin's trial.

### E. Sufficiency of Evidence

Mr. Irwin asserts the evidence is insufficient to support the conviction.

We review the sufficiency of evidence in a criminal prosecution in a light most favorable to the prosecution. *State v. Chapin*, 118 Wn.2d 681, 691, 826 P.2d 194 (1992); *State v. Scoby*, 117 Wn.2d 55, 61, 810 P.2d 1358, 815 P.2d 1362 (1991). The test is whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Chapin*, at 691; *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983).

Here, viewed in a light most favorable to the City, the evidence is sufficient. Mr. Irwin telephoned the police and

reported that "somebody is ripping the arms and legs off of a little baby". He stated he was at First and E Streets and there were a lot of really upset people. He did not mention the word abortion and did not mention the Feminist Women's Health Center. He requested a Christian officer. There is ample evidence to indicate that he willfully made a misleading or exaggerated statement to police.

### F. Request for Subpoena and Expert Medical Testimony

Finally, Mr. Irwin contends the court erred in denying his pretrial request for health center records of pregnancies terminated on February 9 and in denying him the opportunity to offer proof that a later term abortion had occurred at the health center on that day.

█ Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . .". ER 403. The admission or refusal of evidence lies largely within the sound discretion of the trial court, and will be reversed only upon a showing of abuse of discretion. *State v. Lynch*, 58 Wn. App. 83, 87, 792 P.2d 167, *review denied*, 115 Wn.2d 1020 (1990).

The court properly ruled that the information Mr. Irwin requested was irrelevant and had nothing to do with the issue of "whether or not the defendant willfully made a false, misleading or exaggerated statement . . .". The ruling is not an abuse of discretion. Mr. Irwin was permitted to tell the jury that an abortion involves what he described to the dispatcher during his telephone call. He testified to his belief that his statement was true because he has "seen videos, heard doctors testify . . . what the [abortion] process is . . .".

Mr. Irwin's conviction is affirmed.

SHIELDS, C.J., and MUNSON, J., concur.

Review denied at 122 Wn.2d 1022 (1993).