[No. 29316-8-I.   Division One.   September 13, 1993.]

THE CITY OF EVERETT, *Respondent,* v. TRACI A. HEIM, *Petitioner.*

*Jack R. Burns* and *Burns & Hammerly,* for petitioner.

*Michael E. Weight, City Attorney,* for respondent.

BAKER, J. — Traci Heim seeks review of her conviction for violating an Everett city ordinance which sets a standard of conduct for adult entertainers. She alleges the trial court erred by not using her proposed jury instruction, and that the ordinance is unconstitutional. We find the ordinance to be constitutional and affirm.

### FACTS

Traci Heim was charged with violating Everett Municipal Code (EMC) 5.120.070(C), which states: "No employee or entertainer shall touch, fondle or caress any patron for the purpose of arousing or exciting the patron's sexual desires; sit on a patron's lap or separate a patron's legs."

Heim was working as an employee at a licensed public place of adult entertainment. "Adult entertainment" is defined as

any exhibition or dance of any type conducted in premises where such exhibition or dance involves the exposure to view of any portion of the breast below the top of the areola or any portion of the pubic hair, anus, buttocks, vulva and/or genitals.

EMC 5.120.020(A). The violation took place during a couch dance. Petitioner claims, and respondent does not deny, that she was fully clothed during the dance.

EMC 5.120.090(C) states: "This chapter shall not be construed to prohibit . . . [e]xhibitions or dances which are not obscene." Heim asked the Everett Municipal Court to instruct the jury that a required element of the offense charged was that her dance performance was obscene. The trial court

refused to give this instruction, and gave an instruction that made no mention of obscenity. Heim was found guilty.

Heim appealed to the Snohomish County Superior Court pursuant to RALJ 2.2. She unsuccessfully challenged the refusal of the trial court to give an instruction which included obscenity as an element of the crime. We granted discretionary review pursuant to RAP 2.3(d)(1) to determine whether the decisions of the courts below conflict with the decision of the Supreme Court in *O'Day v. King Cy.*, 109 Wn.2d 796, 749 P.2d 142 (1988).

## I

The first issue involves the interpretation of EMC 5.120-.090(C), which provides that chapter 5.120 shall not be construed to prohibit exhibitions or dances which are not obscene. Heim argues that the conduct which led to her arrest was a dance performance protected by the First Amendment and article 1, section 5 of the Washington State Constitution. Therefore, any incidental touching of a patron could only be prohibited if the dance was, as a whole, obscene. She therefore requested a "to convict" jury instruction that required a finding that her conduct was obscene.

The Washington Supreme Court construed a similar King County ordinance under similar facts in *O'Day v. King Cy.*, *supra*. King County Code 6.08 contained standards of conduct for entertainers in adult clubs, and exceptions to those standards. The exceptions included a provision that the ordinance not be construed to prohibit a variety of constitutionally protected expressions, including nonobscene dances. The court found:

> By themselves, the standards of conduct are overly broad and reach protected expression. However, the [exceptions] of KCC 6.08.050(D), read together with the standards of conduct, can limit chapter 6.08's application to pure conduct and obscene expression.

*O'Day*, 109 Wn.2d at 806. Thus, the court held that the ordinance did not unconstitutionally infringe on freedom of

speech if a proper limiting construction was placed on the ordinance. *O'Day*, 109 Wn.2d at 818.

■ The *O'Day* court found that the King County ordinance regulated conduct, and not merely speech.[1] *O'Day*, 109 Wn.2d at 804. Pure conduct does not enjoy the protection of either article 1, section 5 of the Washington Constitution or the First Amendment. *Seattle v. Buchanan*, 90 Wn.2d 584, 584 P.2d 918 (1978); *O'Day*, 109 Wn.2d at 803.

■ The Everett ordinance likewise is a constitutionally permissible regulation of conduct, not of artistic expression or any other form of protected speech. The standards of conduct regulate the distance that an entertainer must maintain from a patron in an adult entertainment establishment. Given the City's interest in prohibiting public sexual contact, regulation of the proximity between an entertainer and a patron in an adult club is a reasonable exercise of the City's authority.

## II

Heim claims that the portions of the Everett ordinance which prohibit sitting on a patron's lap or separating a patron's legs (EMC 5.120.070(C)) are overbroad, thus rendering the entire section void.

■ A law is overbroad if it sweeps within its proscriptions constitutionally protected free speech activities. *Seattle v. Webster*, 115 Wn.2d 635, 641, 802 P.2d 1333, 7 A.L.R.5th 1100 (1990), *cert. denied*, 500 U.S. 908, 114 L. Ed. 2d 85, 111 S. Ct. 1690 (1991). An ordinance which regulates behavior, and not pure speech, will not be overturned unless the overbreadth is both real and substantial in relation to the ordinance's plainly legitimate sweep. *Tacoma v. Luvene*, 118 Wn.2d 826, 839-40, 827 P.2d 1374 (1992).

■ As discussed above, the Everett standards of conduct regulate behavior, not speech. The legitimate sweep of the

---

[1] In *O'Day* the entertainers were charged with violating the standards of conduct during dances where they sat on a customer's lap, simulated sex, and rubbed against the customers' legs. *O'Day*, 109 Wn.2d at 800. The trial court found that those "performances" were pure conduct, unprotected by free speech guaranties, and the Supreme Court agreed. *O'Day*, 109 Wn.2d at 803.

ordinance is to regulate public sexual contact. Although the ordinance may incidentally impact the entertainer's artistic choice by forbidding lap sitting or separation of a patron's legs, that impact is not real and substantial. Such prohibitions on an entertainer's conduct do not infringe upon freedom of expression in any meaningful way, and the ordinance is not overbroad.

Although we hold that the ordinance regulates pure conduct, we would uphold it even if it were interpreted to apply to protected speech.

The constitution allows regulation of protected speech in certain circumstances. *Seattle v. Huff*, 111 Wn.2d 923, 926, 767 P.2d 572 (1989) (citing *Bering v. Share*, 106 Wn.2d 212, 221-22, 721 P.2d 918 (1986), *cert. dismissed*, 479 U.S. 1050 (1987)). The constitutional standard to be applied depends on whether the forum is public or nonpublic. *Yakima v. Irwin*, 70 Wn. App. 1, 7, 851 P.2d 724 (1993). Speech in public forums is subject to valid time, place, and manner restrictions which are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication. *Huff*, 111 Wn.2d at 926. Speech in nonpublic forums may be restricted if the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral. *Huff*, 111 Wn.2d at 926 (citing *Seattle v. Eze*, 111 Wn.2d 22, 32, 759 P.2d 366, 78 A.L.R.4th 1115 (1988)).

> Public forums are (1) those places which "by long tradition or by government fiat have been devoted to assembly and debate", *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45, 74 L. Ed. 2d 794, 103 S. Ct. 948 (1983), or (2) channels of communication used by the public at large for assembly and speech, used by certain speakers, or the discussion of certain topics. *Cornelius[ v. NAACP Legal Defense & Educ. Fund, Inc.*, 473 U.S. 788], at 802 [87 L. Ed. 2d 567, 105 S. Ct. 3439 (1985)].

*Huff*, 111 Wn.2d at 927. Under this definition, an adult entertainment establishment is not a traditional public forum, so speech restrictions may be valid if the distinctions are reasonable and viewpoint neutral.

The challenged ordinance proscribes sitting on a patron's lap or separating a patron's legs for any purpose, not just for the purpose of sexual arousal. EMC 5.120.070(C). Such activities may be protected under the First Amendment if they are within the context of a dance. Dancing, even nude and seminude dancing, is protected expression under the First Amendment and the Washington Constitution. *See, e.g., Schad v. Borough of Mt. Ephraim*, 452 U.S. 61, 65, 68 L. Ed. 2d 671, 101 S. Ct. 2176 (1981); *Seattle v. Buchanan, supra; O'Day v. King Cy., supra.*

Here, the purpose of the ordinance is to prohibit public sexual contact. Lap sitting and separation of a patron's legs, while arguably innocent of any sexual connotation in some circumstances, are highly likely to carry that connotation in an adult entertainment establishment. Restricting those activities, even if they are protected expression, is thus reasonable in light of the forum and the purpose of the ordinance. Furthermore, the restrictions are viewpoint neutral, as they apply to all such activities within an adult entertainment establishment. Thus, even if the prohibited activities fall within the realm of protected expression, the restrictions are valid and constitutional.

Heim further argues that the prohibitions against sitting on a patron's lap or separating a patron's legs are vague, thus rendering the entire section void. She claims that the prohibitions have no standards to guide police, prosecutors or juries.

■ ■ An ordinance is unconstitutional when it forbids conduct in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Spokane v. Douglass*, 115 Wn.2d 171, 179, 795 P.2d 693 (1990). Here, the terms "sitting on a patron's lap" and "separating a patron's legs" are clear and not susceptible to differing interpretations. Enforcement of these prohibitions requires no discretion on the part of law enforcement officials. Therefore, the ordinance is not void for vagueness.

## III

Heim argues the ordinance unconstitutionally distinguishes entertainers who perform in places of adult entertainment from other entertainers. Entertainers in adult clubs are subject to criminal sanctions for violating the standards of conduct, while those in other performance places are not. Therefore, argues Heim, entertainers in adult clubs are denied equal protection of the law.

Equal protection analysis requires the application of strict scrutiny to any governmental classification that creates an inherently suspect class or affects a fundamental right. *O'Day*, 109 Wn.2d at 812 (citing *Petersen v. State*, 100 Wn.2d 421, 444, 671 P.2d 230 (1983)). Other classifications need only withstand minimal, rational basis scrutiny. *O'Day*, 109 Wn.2d at 813. Our holding that the Everett ordinance does not infringe on protected speech means that only a rational basis review is necessary.

To withstand rational basis scrutiny the classification must (1) apply alike to all members in the designated class, (2) be based on some reasonable grounds for distinguishing between those within and those without the class, and (3) have a rational relationship to the purpose of the legislation. *O'Day*, 109 Wn.2d at 814 (quoting *Convention Ctr. Coalition v. Seattle*, 107 Wn.2d 370, 378, 730 P.2d 636 (1986)).

Both parties agree that the ordinance meets the first part of the test, as it applies to all entertainers and employees in places of adult entertainment. As to the second, the potential for public sexual contact or prostitution is much greater in places of adult entertainment than in other places, such as cafes or taverns, where the proscribed acts are allowed. That potential presents a reasonable basis to distinguish employees of adult entertainment clubs from employees of other establishments. As to the third part, the City asserts that the purpose of the ordinance is to discourage public sexual contact and prostitution. Limiting physical contact between employees and patrons of adult entertainment facilities is rationally related to that purpose. Therefore, the ordinance does not

deny equal protection of the law to employees and entertainers in adult clubs.

The ordinance is constitutional, and Heim's conviction is affirmed.

COLEMAN and GROSSE, JJ., concur.

Review denied at 123 Wn.2d 1018 (1994).